**286**

continued disability benefits under 42 U.S.C. § 425(b) because he was participating in an approved vocational rehabilitation program. This court held in *Miscevich v. Sec'y of Health & Human Services*, No. 94–3124, 1995 WL 222192, at *4–5 (6th Cir. Apr. 13, 1995), that applying to participate in a vocational program does not ordinarily constitute participation in that program. Further, the panel observed that the legislative history of § 425(b) indicates that the statute's purpose is to insure that benefits continue for those individuals who are already receiving vocational rehabilitation and who recovered before the program was completed. Congress did not intend to continue benefits for those whose disability ended before they entered a program. *Id.* at *5. Like *Miscevich*, Gray had not been approved for and was not receiving vocational rehabilitation prior to his termination of disability benefits. As Gray was not participating in a vocational rehabilitation program until two months after his disability ended, he was ineligible to continue benefit payments under the narrow circumstances prescribed by § 425(b). The Commissioner determined that Gray's disability ended on January 31, 1995. Although Gray submitted an application to the Ohio Rehabilitation Services Commission on January 11, 1995, he was not accepted into his vocational services program until April 4, 1995. Thus, the Commissioner's finding that Gray was not qualified for continued benefit payments is supported by substantial evidence.

Accordingly, we affirm the district court's judgment.

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY Plaintiff—Appellee**

v.

**Kenneth L. JONES, M.D., et al.; Defendants**

**Paintsville Hospital Company, doing business as Paul B. Hall Regional Medical Center; Health Management Associates, Inc. Defendants—Appellants**

No. 00–6738.

United States Court of Appeals, Sixth Circuit.

June 19, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

### ORDER

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

The court finds that no prejudicial error intervened in the judgment and proceed-

nois, sitting by designation.

ings in the district court, and it is therefore **ORDERED** that said judgment be and it hereby is affirmed.

fore **ORDERED** that said judgment be and it hereby is affirmed.

**UNITED STATES of America Plaintiff—Appellee**

v.

**Anthony Lamont BUFFORD Defendant—Appellant**

No. 01–5115.

United States Court of Appeals, Sixth Circuit.

June 19, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

**ORDER**

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

The court finds that no prejudicial error intervened in the judgment and proceedings in the district court, and it is there-

---

\* The Honorable Richard Mills, United States District Judge for the Central District of Illi-

**Allen LAWRENCE, Jr., Plaintiff– Appellant,**

v.

**Daniel J. O'BRIEN, Defendant– Appellee.**

No. 01–6385.

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

nois, sitting by designation.